## STANOLIND PIPE LINE CO. v. WINFORD, Ex'x.

No. 26140. Feb. 11, 1936.

Ray S. Fellows and Joseph A. Gill, Jr., for plaintiff in error.

George W. Leopold and J. F. Brett, for defendant in error.

WELCH, J. The facts here are similar to, but not identical with, the facts in Nazworthy v. Illinois Oil Co., 176 Okla. 37, 54 P. (2d) 642, and Anderson v. Illinois Oil Co., 176 Okla. 40, 54 P. (2d) 646, this day decided. About 120 rods of the pipe line here involved are laid under the highway. As to that this case is controlled by Nazworthy v. Illinois Oil Co., supra, this day decided.

There are also involved here about 120 rods of pipe line laid, not under the highway, but off the highway and across plaintiff's land. In the trial court the defendant admitted liability as to this item, and tendered and offered to pay plaintiff at the rate of 25¢ per rod, or such sum as should be determined by the trial court to be proper.

The trial court rendered judgment for $480 for the entire 240 rods of pipe line involved. The judgment must be reversed, as there is no liability as to that portion of the line laid under the highway. The judgment does not disclose the portion of the judgment allowed for that portion of the line. The plaintiff is, of course, entitled to recover as to the portion of the line not under the highway, but the judgment before us does not determine the separate amount thereof, and the cause must be remanded for that determination.

Therefore, the judgment appealed from is reversed and the cause remanded to the trial court, with directions to vacate the judgment heretofore rendered. If defendant then elects not to accept the amount tendered by plaintiff, a new trial shall be granted to determine plaintiff's recovery as to that portion of the pipe line laid off the highway upon and under his land. No other recovery may be had under the rule of the Nazworthy Case, supra.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON, JJ., concur. RILEY, J., dissents. BUSBY and PHELPS, JJ., absent.